# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
One Penn Plaza • Suite 2527 • New York, New York 10119
T: 212.792-0046 • F: 212.561.7108
E: Joshua@levinepstein.com

December 16, 2019

*Via Electronic Filing and Email*
The Honorable Judge Cathy Seibel
U.S. District Court Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150
Email: Chambersnysdseibel@nysd.uscourts.gov

      Re: *Alvarez v. Magan Food Enterprises, Inc. et al*
        Case No.: 7:18-cv-04841-CS

Dear Honorable Judge Seibel:

  This law firm is counsel Defendants Magan Food Enterprises, Inc. d/b/a Hubba's, and Carlos Magan (together, the "**Defendants**") in the above-referenced action.

  Pursuant to Rules 1(A) and 2(A) of Your Honor's Individual Motion Practices, this letter respectfully serves as a request to schedule a pre-motion conference on Defendant's anticipated Motion for Failure to Prosecute.

  Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Dismissal may be warranted when the plaintiff, either represented or proceeding *pro se*, fails to comply with legitimate court directives. *Afzal v. Flushing Hospital, New York*, Case No. 16-cv-01287 (E.D.N.Y 2016) (citations omitted).

  The basis of Defendant's anticipated motion is Plaintiff's repeated failures to appear for his deposition and for failure to prosecute the case. *Yannitelli v. Navieras De Puerto Rico*, 106 F.R.D. 42, 44 (S.D.N.Y. 1985) ("repeated failure to appear for depositions warrants the dismissal of plaintiffs…claims") (citation omitted). *See also or Barker v. Smith, No.* 2018 WL 2383147, at *2 (S.D.N.Y. 2018) (dismissing case for "failure to prosecute" where *pro se* Plaintiff failed to appear for previously scheduled deposition). *Moton v. Williams*, 2018 WL 2229126, at *5 (S.D.N.Y. 2018) (same).

  By way of background, Plaintiff's deposition was initially noticed on May 14, 2019 for July 29, 2019. At Plaintiff's request, the deposition was adjourned on consent. In the period following the adjournment, Plaintiff's former counsel Borrelli & Associates, P.L.L.C. was relieved as counsel for the Plaintiff on or around October 10, 2019 [*See* Dckt. No. 33]. Defendant on October 16, 2019 re-noticed the deposition for November 18, 2019. Plaintiff did not appear for the deposition scheduled for November 18, 2019, despite having two (2) months of notice. It should be noted that the Defendant served notice of the October 16, 2019 Notice of Deposition in accordance with the Court's instruction [*See* D.E. 38] and by email.

  Thank you, in advance, for your time and attention.

       Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Jason Mizrahi
    Jason Mizrahi
    1 Penn Plaza, Suite 2527
    New York, New York 10119
    Tel.: (212) 792-0048
    Email: Jason@levinepstein.com
    *Attorneys for Defendants*

To:    Via Email and Certified Mail, R.R.R.

      Jorge Alvarez
      5903 East Avenue T2
      Palmdale, California 93552
      Email: Jorgealvarezgra7@hotmail.com